**Aboubacar HAIDARA, Petitioner,**

**v.**

Alberto R. GONZALES,* United States Attorney General, Respondent.

No. 04–0999–AG.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Christian A. Martinez, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

Present: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

Petitioner Aboubacar Haidara, who alleges that he is a citizen and national of Mauritania, petitions for review of the January 29, 2004 decision of the BIA affirming the decision of the Immigration Judge ("IJ") denying his claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"An alien seeking asylum in the United States must first establish that he is a 'refugee' because he is 'unable or unwilling' to return to his native country because of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). Although regulations of the Department of Homeland Security provide that "[a]n applicant who has been found to have established ... past persecution shall also be presumed to have a well-founded fear of

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

persecution on the basis of the original claim," they also provide that "[t]hat presumption may be rebutted if an ... immigration judge [finds that] .... [t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality...." 8 C.F.R. § 208.13(b)(1)(i)(A); *see also* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999).

This Court reviews the factual findings of the IJ or the BIA under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

The BIA's reliance on the 2000 Department of State Country Report on Mauritania ("2000 Mauritania Country Report") in determining changed country conditions was proper. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005). The BIA's determination that conditions in Mauritania had changed to such an extent since Haidara left that country that he no longer had a well-founded fear of persecution is supported by substantial evidence in the record. The 2000 Mauritania Country Report indicates that there have been no reported cases of forced exile, and that the majority of people who either fled or were exiled have returned and are being welcomed by the government, which, in many cases, is helping them to recover their homes and land.

Haidara's claim that the BIA did not discuss the applicable legal standards or burden of proof, and that it ignored contrary evidence, is without merit. In finding that conditions in Mauritania had changed to such an extent that Haidara no longer had a well-founded fear, the BIA cited 8 C.F.R. § 1208.13(b)(1)(i)(A), and it properly placed the burden on the government to demonstrate that country conditions had changed, not on Haidara to show that they had not. Although Haidara sought to rebut the facts set forth in the 2000 Mauritania Country Report, much of what he submitted was outdated or irrelevant, and the BIA was not compelled to find it persuasive.

As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71. Given that the BIA's finding that Haidara does not have a well-founded fear of persecution is supported by substantial evidence in the record considered as a whole, the BIA properly denied both asylum and withholding of removal.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Haidara has also moved for a stay of the final order of removal. That motion is hereby denied.